UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:03CV-P770-H
CRIMINAL ACTION NO. 3:99CR-16-H

MARC M. LEACHMAN                                         MOVANT/DEFENDANT

V.

UNITED STATES OF AMERICA                                 RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION**

Defendant, Marc Leachman, has filed a second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons explained below, the Court agrees with the United States that this latest complaint should be dismissed.

I.

Defendant pled guilty to multiple counts of manufacturing and possessing marijuana with the intent to distribute. This Court sentenced him to 120 months imprisonment followed by five years of supervised release. Defendant filed a direct appeal from his plea and sentence. The Sixth Circuit affirmed the district court. *See United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002). The Sixth Circuit then denied Defendant's motion for a rehearing and his suggestion of an en banc petition. On December 12, 2003, Defendant filed this second § 2255 motion to vacate, set aside, or correct his sentence.[1]

---

[1] While 28 U.S.C. § 2255 requires the Sixth Circuit to authorize second or successive § 2255 petitions, the Sixth Circuit has determined that such authorization is unnecessary in this particular case.

The facts surrounding Defendant's crimes appear to be relatively straightforward. *See Leachman*, 309 F.3d at 379-380. The evidence seized during a search of his property was convincing. The subsequent indictment charged Defendant with conspiring to grow marijuana, violating 21 U.S.C. § 841(a)(1); growing 1,336 marijuana plants, violating 21 U.S.C. § 841(a)(1); growing marijuana plants, violating 21 U.S.C. § 841(a)(1); and possessing with the intent to distribute one kilogram of marijuana, violating 21 U.S.C. § 841(a)(1). Defendant specifically pled guilty to all four counts. This Court found that Defendant grew at least 1,000 marijuana plants with visible roots and sentenced him to ten years in prison, the mandatory minimum prison sentence under 21 U.S.C. § 841(b)(1)(A)(vii).

II.

To prevail on a § 2255 motion, a defendant "must show a 'fundamental defect' in his sentencing which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). Defendant makes four arguments attacking his sentence: (1) ineffective assistance of counsel, (2) violation of the terms of his guilty plea, (3) that his sentence was illegal, and (4) unlawful waived his constitutional rights.

A.

Defendant claims that attorney Stephen Miller did not inform him about the nature of the drug quantity element of Defendant's crimes and did not correctly explain the law in relation to his case.

To establish that he received ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced

the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Defendant pled guilty to growing marijuana on April 20, 2000. The *Apprendi v. New Jersey*, 530 U.S. 466 (2000), decision did not make quantity an element of drug crimes until June 26, 2000. Even assuming that quantity was an element of drug crimes, Defendant does not establish that Miller performed deficiently and prejudiced Defendant's defense. The indictment charged Defendant with growing 1,366 marijuana plants. This Court informed Defendant that the applicable mandatory minimum prison sentence was ten years. Because the Court advised him of the applicable mandatory minimum prison sentence before accepting the guilty plea, Defendant could not have been prejudiced.

Defendant also claims that his appellate counsel, Kevin Schad, failed to argue that he pled guilty to only a lesser included offense with a five-year prison sentence maximum. Nothing in the record supports such an argument. The record establishes that Defendant pled guilty to growing over 1,000 marijuana plants, violating 21 U.S.C. § 841(b)(1)(A)(vii).

B.

Defendant claims that he pled guilty only to an indeterminate amount of marijuana, but that he was convicted and sentenced to a greater offense.

The record shows that the indictment charged Defendant with growing 1,366 marijuana plants. While disputing the exact plant count, he agreed that the Court would determine the amount of marijuana grown after evidence and arguments were presented at the sentencing hearing. By so agreeing, Defendant waived any constitutionally protected right for a jury to find the amount of plants in question.

Several witnesses, including Defendant, testified at the sentencing hearing. After

3

reviewing this testimony, this Court determined that Defendant had grown at least 1,000 marijuana plants with visible roots, mandating a minimum prison sentence of ten years. This evidence is clearly a sufficient basis for the ten-year sentence.

C.

Defendant claims that this Court unlawfully found by a preponderance a greater amount of marijuana which it used to increase the offense beyond the limits of § 841(b)(1)(D). In his own appeal, the Sixth Circuit held that a district court may determine factors increasing the mandatory minimum sentence by a preponderance of the evidence. *Leachman*, 309 F.3d at 383. This Court found that Defendant grew at least 1,000 marijuana plants with visible roots by a preponderance of the evidence. Thus, the sentence meets factual and legal requirements.

D.

Finally, Defendant claims that he had no knowledge of either *Apprendi* or *United States v. Flowal*, 234 F.3d 932 (6th Cir. 2000) and had no knowledge that drug quantity was an element of the offense charged. As a consequence, Defendant claims that he could not have knowingly waived anything related to drug quantity.

It is difficult to understand the actual basis of Defendant's complaint. The Sixth Circuit overruled *Flowal* in Defendant's appeal and found that *Apprendi* did not apply to his case. *See Leachman*, 309 F.3d at 382-83. Defendant is now precluded from addressing the application of *Apprendi* and *Flowal* because these issues were previously raised and rejected. The government need not prove that Defendant actually knew the exact type and quantity of drugs that he possessed. Indeed, Defendant need not know either of these facts to be guilty of the charges against him. Therefore, he could not have waived a right to an element that does not exist.

The Court will enter an order consistent with this Memorandum Opinion.

cc:  Marc M. Leachman, Pro Se
     Philip C. Chance, AUSA